**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff - Appellee,<br><br>    v.<br><br>LYNN ALLEN SCHRAG,<br><br>            Defendant - Appellant. | No. 12-30344<br><br>D.C. No. 1:10-cr-30027-PA-5<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted October 9, 2013[**]
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

Lynn Schrag appeals the district court determination that he violated a

condition of his probation because his wife's loaded pistol was on top of the

refrigerator in their home.  Schrag claims that under the Second Amendment his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

right to have a firearm in his home for self defense may not be limited just because he is a convicted felon. We affirm the district court's rejection of Schrag's claims.[1]

We review *de novo* the constitutionality of a statute and constitutional challenges to district court orders. *United States v. Vongxay*, 594 F.3d 1111, 1114 (9th Cir. 2010).

Schrag's claims are based on, and founder on, the Supreme Court's opinion in *District of Columbia v. Heller*, 554 U.S. 570 (2008). In *Heller*, the Court held that a citizen has an individual right to possess firearms in his or her home, but further stated that "[l]ike most rights, the right secured by the Second Amendment is not unlimited," and "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id*. at 626; *see also McDonald v. City of Chicago*, 130 S. Ct. 3020, 3047 (2010) (reiterating that the Court's opinion in *Heller* "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons'"). Accordingly, the Supreme Court's opinions rebut Schrag's contention that his Second Amendment rights may not be limited just because he is a felon.

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

We are further constrained in considering Schrag's argument by our opinion in *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010). Vongxay challenged his conviction under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. He argued that the he had a right under the Second Amendment as construed by the Supreme Court in *Heller* to posses a gun and that the language in *Heller* concerning certain long-standing restrictions on gun possession by felons and others was non-binding dicta. *Id*. at 1115. We held that the language was not dicta and that § 922(g)(1) was not unconstitutional. *Id.* As a three-judge panel we are bound by *Vongxay*. *See Miller v. Gammie,* 335 F.3d 889, 893 (9th Cir. 2003) (en banc)*; Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012).

We also reject Schrag's argument that Oregon state cases provide him with a right under the Oregon constitution to possess a firearm. *See State v. Burney*, 619 P.2d 1336, 1339 (Or. App. 1980) (noting that the "choice of evils" defense might justify a felon's "resort to a weapon which it would otherwise be unlawful for [him] to possess").

Finally, we do not find Schrag's objections to the application of the doctrine of constructive possession to be well taken. Schrag cites no authorities that support his argument, and we know of none. Moreover, the public safety interests underlying the prohibition on felons possessing firearms would be compromised if

felons could have actual access to firearms as long as they did not legally own the firearms.

The district court's order denying Schrag's motion to suppress and motion to dismiss, and its order finding that Schrag violated the conditions of probation and continuing community supervision are **AFFIRMED**.